**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loreto Valenzuela Lopez,<br><br>Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>Respondents. | No. CV-17-03348-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on Loreto Valenzuela Lopez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) ("Petition") and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Deborah M. Fine on November 2, 2018 (Doc. 25). Petitioner filed Objections to the R&R on November 15, 2018 (Doc. 26). Respondents filed a Response to the Objections on December 12, 2018 (Doc. 27).

**I.     Background and Objection**

In the R&R, the Magistrate Judge set forth a concise and accurate summary of the background of this case. (Doc. 25 at 2-7). Petitioner does not object to the facts in the R&R (*See* Doc. 26). The Court finds that these facts are supported by the record and incorporates them here. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection").

The Court summarizes the relevant facts here for clarity.[1]

Petitioner was convicted of kidnapping under A.R.S. § 13-1304, theft by extortion under A.R.S. § 13-1804, and aggravated assault under A.R.S. § 13-1204. (Doc. 14-6 at 137). The jury found that all three counts were dangerous offenses and found seven aggravating factors proven for all three counts. (*Id.* at 137-158). Petitioner was sentenced to a total imprisonment of twenty-one years. (*Id.* at 200-203). Petitioner asserts that he was not involved in the kidnapping and that he was present at the scene of the kidnapping only because he was interested in buying a pit bull from Carlos Lizarrago, to whose home the victim was brought. (Doc. 14-1 at 7-8). The victim, however, identified Petitioner in a photo lineup, and Lizarrago accepted a plea bargain in exchange for testifying against Petitioner. (*Id.*).

The following post-trial procedural facts are excerpted from the R&R and have not been objected to:

> Appointed appellate counsel filed an opening brief in which counsel averred pursuant to *Anders v. California*, 386 U.S. 738 (1967) that he had reviewed the record and had not identified an "arguable question of law that [was] not frivolous." (Doc. 14-1 at 52). He requested the Arizona Court of Appeals to search the record for fundamental error, and to grant Petitioner leave to file a *pro per* supplemental brief. (*Id.* at 52). Appointed counsel wrote Petitioner a letter stating he was enclosing "a copy of all records on appeal, including reporter's transcripts that were in his possession. (*Id.* at 61). Petitioner filed his *pro per* supplemental brief on January 12, 2012. (Doc. 14-2 at 2-30). In its memorandum decision filed in July 2012, the Arizona Court of Appeals identified eleven issues Petitioner had asserted as grounds for relief (Doc. 14-1 at 5-6), concluded there were no "meritorious grounds for reversal of Lopez's conviction or modification of" his sentence, and affirmed his conviction and sentence. (*Id.* at 28). The Arizona Court of Appeals issued its mandate on September 10, 2012, stating that Petitioner had filed neither a motion for reconsideration nor a petition for review to the Arizona Supreme Court within the required time limits. (Doc. 14-2 at 105).
>
> Petitioner timely filed a Notice of Post-Conviction Relief ("PCR") in the Superior Court on August 20, 2012. (*Id.* at 133-140). The superior court appointed counsel for Petitioner and ordered Petitioner's trial and appellate counsel to produce the entire file to PCR counsel. (*Id.* at 142-143). PCR counsel filed a Notice of Completion of PCR Review with the superior court, averring that she was not able "to discern any colorable claim upon which to base" a PCR petition. (*Id.* at 145-146). The superior court ordered PCR

---

[1] As did the Magistrate Judge in the R&R, this Court will rely upon the facts as presented by the Arizona Court of Appeals in its memorandum decision on Petitioner's direct appeal. (Doc. 25 at 2, citing 28 U.S.C. § 2254(e)(1) and recognizing that the appellate court's stated facts are entitled to the presumption of correctness).

counsel to remain in an advisory capacity for Petitioner's PCR action, and to forward the file to Petitioner. (*Id.* at 148-149). PCR counsel notified the court that she did not provide Petitioner with a copy of his file "because prior counsel did not provide her with one[,]" and that she had instead reviewed the court's file. (*Id.* at 151).

In December 2012, Petitioner filed a motion to compel her trial attorney to provide him with his file. (*Id.* at 154-155). The superior court ordered Petitioner's trial counsel to provide him with his entire file within 15 days and to file a notice of compliance. (*Id.* at 158). The court also granted Petitioner an extension of time to file his PCR petition. (*Id.*). Petitioner's trial counsel filed a notice with the superior court averring that her office had mailed Petitioner's file to him at his current address at the "Buckeye facility via priority certified mail, and received confirmation it was delivered and received on November 28, 2012." (*Id.* at 161). In February 2013, Petitioner advised the court he had not received his entire file, and requested the court to "find out what is the delay." (*Id.* at 163). In April 2013, the superior court advised Petitioner that in January 2013, trial counsel had "filed a notice of mailing avowing that all documents in [her] possession were turned over to the defendant." (*Id.* at 11) Petitioner filed a second motion to compel, stating that his trial counsel had not complied with the court's order to produce his file. (Doc. 14-3 at 2-3). On May 9, 2013, the trial court denied this motion, again referring to trial counsel's notice she had turned over all documents in her possession to Petitioner. (*Id.* at 13). The court stated that if Petitioner "requires additional documents he can make a public records request." (*Id.*). On June 5, 2013, the superior court dismissed Lopez's PCR petition, because the deadline had passed without the filing of a petition, and without a showing of good cause. (*Id.* at 15).

In July 2013, Petitioner requested an extension of time to file his PCR petition, again stating that he had not obtained file transcripts from his trial counsel, and advising the court he had made a request for public records. (*Id.* at 17). The court denied his request, noting that his initial PCR proceeding had been dismissed. (*Id.* at 19)

In December 2013, Lopez filed a second Notice of PCR. (*Id.* at 21-24). He asserted that he was not able to speak or comprehend the English language, and that "all previous documents and notices . . . were in English." He further declared that the victim had acknowledged he did not commit the crime on which he was convicted, that there were several procedural errors at trial, and that he would be raising a claim of actual innocence. (*Id.* at 23). In subsequent filings, Petitioner requested an extension of time to file a petition (*Id.* at 26) and a motion requesting production of DNA test results (*Id.* at 28-29). In its minute entry dated January 27, 2014, the trial court dismissed Lopez's notice of PCR as untimely and successive. (*Id.* at 31-32) The court further addressed his claim of actual innocence and concluded that he had failed to meet the burden set forth in Arizona Rule of Criminal Procedure 32.1(h). (*Id.* at 31). Additionally, the court stated that Petitioner was not entitled to relief under Rule 32.1(f) and that he had failed to state a claim for which relief could be granted in an untimely PCR petition, citing Rule 32.4(a). (*Id.* at 32).

Petitioner filed a petition for PCR on February 6, 2014. (*Id.* at 34-37). He alleged ineffective assistance of counsel by his appellate counsel and his PCR counsel, argued he was without fault in failing to file his *pro per* petition, and stated he was actually innocent of the crimes on which he was convicted. (*Id.* at 35-36). He asserted he is illiterate in the English language, and that his

record was incomplete due to the incompetence of prison officials or of his counsel, who he alleged destroyed or willfully withheld his court papers. (*Id.* at 36). The superior court dismissed Petitioner's second petition for PCR on August 20, 2014. (*Id.* at 58-59). The court found that Petitioner's claims of ineffective assistance of counsel and of prosecutorial misconduct were untimely and not excusable pursuant to Rules 32.4(a) and 32.1(d), (e), (f), (g), or (h) of the Arizona Rules of Criminal Procedure. (*Id.* at 58). The court noted that a claim of ineffective assistance of PCR counsel is not a colorable claim, and that Petitioner had not provided facts or evidence necessary to meet the burden required to assert a successful Rule 32.1(h) claim for relief. (*Id.* at 59). Moreover, the court held that Petitioner's failure to timely file a PCR petition was not excused by Rule 32.1(f) because his notice of PCR was not "of right." (*Id.*)

Lopez filed a petition for review with the Arizona Court of Appeals in September 2014. (*Id.* at 61-71). In a September 20, 2016 memorandum decision, the court of appeals granted review but denied relief. (*Id.* at 90). The court of appeals adopted the superior court's analysis, finding the lower court's ruling had "clearly identified, fully addressed, and correctly resolved Lopez's claims." (*Id.*). On November 4, 2016, the Arizona Court of Appeals issued its mandate, stating that the deadlines for filing a motion for reconsideration or a petition for review with the Arizona Supreme Court had passed without action by Petitioner.

(Doc. 25 at 4-7).

In his habeas Petition, Petitioner alleges ineffective assistance of counsel based upon counsel's failure to "call witnesses and investigate Petitioner's claim that he was not involved in the crime." (Doc. 1 at 6). In Response, Respondents assert that the Petition was untimely filed and was procedurally defaulted without excuse. (Doc. 14 at 13-24). In her R&R, Magistrate Judge Fine first addressed whether the Petition was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Magistrate Judge Fine found that, although statutory tolling was in effect when Petitioner filed a notice of Post-Conviction Relief ("PCR") on August 20, 2012, tolling ended and "the AEDPA one-year statute of limitations commenced to run on July 6, 2013, thirty-one days after the superior court's dismissal of [Petitioner's] PCR action." (Doc. 25 at 9). Magistrate Judge Fine also concluded that the subsequent PCR Petition was untimely and did not entitle Petitioner to additional statutory tolling. (*Id.*). Therefore, the limitations period expired in July 2014, which was more than three years before Petitioner filed the Petition in this matter. (Doc. 25 at 9-10). Magistrate Judge Fine additionally concluded that equitable tolling was not applicable because Petitioner cannot establish extraordinary circumstances

- 4 -

justifying equitable tolling. (Doc. 25 at 10-12). Finally, Magistrate Judge Fine considered Petitioner's actual innocence argument and found that his arguments merely addressed issues of accomplice liability and would not meet the high threshold required to establish actual innocence. (Doc. 25 at 13). Accordingly, Magistrate Judge Fine recommended that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice. (Doc. 25 at 15). She further recommended that Petitioner's Motion for Leave of Court to Request Discovery Pursuant to Rule 6 (Doc. 17) be denied and that a Certificate of Appealability be denied because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable. (Doc. 25 at 15).

Petitioner filed an Objection to the Magistrate Judge's R&R (Doc. 26). In the Objection, Petitioner first, briefly and without explanation, states that he is entitled to equitable tolling. (Doc. 26 at 2). Petitioner next briefly mentions that he is claiming ineffective assistance of counsel. (Doc. 26 at 2). Finally, Petitioner asserts that he should prevail on his actual innocence claim because the evidence need not be newly discovered, but instead must only be newly presented. (Doc. 26 at 3-4). Therefore, according to Petitioner, "point[ing] out from the police report what no one had presented before" would constitute such evidence, thus establishing his actual innocence. (*Id.*). In Response, Defendants urge this Court to consider Petitioner's Objections not sufficiently specific and therefore akin to a "failure to object." (Doc. 27 at 2). Although Petitioner presents minimal argument in his Objection, the Court will address his arguments.

**II.     Standards**

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1). A district court evaluating a Magistrate Judge's report may specifically adopt those portions of the report to which no "specific written objection" is made, so long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas*, 474 U.S. at 149-50. A district court is not required to review any portion of a magistrate judge's R&R that is not the subject of an

objection. *Thomas*, 473 U.S. at 149. *See also* 28 U.S.C.A. § 636(b)(1) (the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

**III.   Analysis**

The AEDPA imposes a one-year statute of limitations on state prisoners' federal petitions for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states that the limitations period shall run from the latest of the date on which: (1) direct review becomes final, (2) an unlawful state-created impediment to filing is removed, (3) a new constitutional right is made retroactively available, or (4) the factual predicate of the claims presented could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011); *Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001).

After conducting its own *de novo* review, the Court agrees with the Magistrate Judge that this Petition is untimely because Petitioner filed it more than three years after the AEDPA statute of limitations expired, because equitable tolling does not apply, and because Petitioner cannot meet the standard for establishing actual innocence.

**A. Triggering Date For Petitioner's Limitations Period**

In assessing the start date for the limitations period under § 2244(d)(1), the Magistrate Judge determined that the statute of limitations for Petitioner's habeas petition began to run on July 6, 2013. The Court agrees.

As found by Magistrate Judge Fine, absent tolling, the statute of limitations on Petitioner's habeas petition began to run on August 24, 2012. After his conviction, Petitioner filed a timely direct appeal with the Arizona Court of Appeals, which issued its memorandum decision affirming his conviction and sentence on July 24, 2012. (Doc. 14-1 at 4-29). That decision notified Petitioner that he would have thirty days to either file a petition for review or to file a motion for reconsideration. (*Id.* at 28-29); *see* Ariz. R. Crim. P. 31.21(b)(2)(A). Petitioner failed to do either. Therefore, absent tolling, the limitations period for seeking habeas relief began to run on August 24, 2012, because that is the date

on which the judgment became final by the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A) (the petitioner must file a petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

As the Magistrate Judge noted, however, by the time the judgment became final on August 24, 2012, Petitioner had already filed his first notice of PCR on August 20, 2012. (Doc. 14-2 at 133). Therefore, when the one-year limitations period began to run, it was immediately subject to statutory tolling. 28 U.S.C. § 2244(d)(2); *see Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002) (noting that, under AEDPA, "a prisoner is entitled to tolling for the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim'"); *see also Isley v. Ariz. Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004) (stating that, in Arizona, post-conviction review is pending once a notice of post-conviction relief is properly filed). Petitioner failed to file a timely PCR petition, and the Maricopa County Superior Court therefore dismissed his PCR proceedings on June 5, 2013. (Doc. 14-3 at 15p). Petitioner did not seek review of this dismissal; therefore, the AEDPA limitations period began to run on July 6, 2013, which is thirty-one days after dismissal of the PCR proceeding. *See* Ariz. R. Crim. P. 32.9(c) ("Within thirty days after the final decision of the trial court on the petition for post-conviction relief or the motion for rehearing, any party aggrieved may petition the appropriate appellate court for review of the actions of the trial court") (amended and renumbered as Ariz. R. Crim. P. 32.16(a)(1), eff. Jan. 1, 2020). This limitations period expired one year later, on July 6, 2014.

Although Petitioner filed a second Notice of PCR in December 2013, as well as a PCR petition in February 2014, these filings were untimely and therefore did not toll the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (recognizing that, if a PCR petition is untimely under state law, the federal limitations period would not be tolled); *Allen v. Siebert*, 552 U.S. 3, 7 (2007) (finding that, if a state PCR petition is rejected as untimely, it was not "properly filed" and does not toll the AEDPA limitations period).

Petitioner did not file his Petition until September 28, 2017, which was more than three years after the July 6, 2014, expiration of the limitations period. Accordingly, absent equitable tolling or an exception, the Petition is untimely.

**B. Equitable Tolling**

The Court also agrees with Magistrate Judge Fine that Petitioner is not entitled to equitable tolling. In his Objection, without presenting a specific basis for his argument, Petitioner asserts that he is entitled to equitable tolling. (Doc. 26 at 2).

AEDPA's statute of limitations is subject to equitable tolling under limited circumstance. *Holland v. Florida*, 560 U.S. 631, 648-49 (2010). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented" him from timely filing the petition. *Id.* at 649 (quoting *Pace*, 544 U.S. at 418 (internal quotation marks omitted)). A petitioner must exercise "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). Equitable tolling is applied sparingly, as reflected by the "extraordinary circumstances" requirement, and is unavailable in most cases. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEPDA] is very high, lest the exception swallow the rule") (citation omitted)). Some external force must cause the untimeliness rather than petitioner's own "oversight, miscalculation or negligence." *Waldron-Ramsey*, 556 F.3d at 1011 (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner bears the burden of showing that equitable tolling is appropriate in his case. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Petitioner cannot establish that extraordinary circumstances prevented him from timely filing his petition. First, Petitioner's former counsel's alleged failure to transmit Petitioner's complete file to him during the PCR proceedings and Petitioner's failure to timely file his PCR petition do not amount to extraordinary circumstances. While the PCR action was pending, Petitioner filed a December 12, 2012, Motion to Compel Attorney to

Provide File.  (Doc. 14-2 at 154-56).  The trial court issued a January 14, 2013, order instructing counsel to provide the file to Petitioner within fifteen days and further granted Petitioner a 60-day extension of time from the date of the order to file his PCR petition, making the petition due on March 15, 2013.  (Doc. 14-2 at 158).  On January 25, 2013, trial counsel filed a Notice of Mailing, in which she attested that she mailed Petitioner's file to him via priority certified mail and that she received a delivery confirmation dated November 28, 2012.  (Doc. 14-2 at 161).  Petitioner filed a second Motion to Compel on April 26, 2013, in which he stated he still had not received his file.  (Doc. 14-3 at 2-3).  Relying on trial counsel's prior notice of mailing, the trial court denied the motion and instructed Petitioner to make a public records request if Petitioner required additional documents. (Doc. 14-3 at 13).  By minute entry dated June 5, 2013, the trial court dismissed Petitioner's PCR proceeding because the PCR petition was due by March 15, 2013, and because Petitioner had failed to file the petition before the deadline.  (Doc. 14-3 at 15).  On July 10, 2013, approximately one month after the minute entry dismissing the PCR action and almost four months after the March 15, 2013, petition due date, Petitioner filed a Motion for Extension of Time based upon not receiving his file.  (Doc. 14-3 at 17).  The trial court denied this motion because the PCR proceeding had already been dismissed.  (Doc. 14-3 at 19).

This series of events does not establish extraordinary circumstances sufficient to toll the limitations period.  First, based upon trial counsel's affidavit, the evidence does not support Petitioner's contention that he did not receive his file; further, even if there was some evidence supporting this contention, it is doubtful that this would be sufficient to meet the extraordinary circumstances requirement.  *See Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (stating that "run-of-the-mill mistakes by one's lawyer that cause a filing deadline to be missed do not rise to the level of extraordinary circumstances").  Second, and more significantly, Petitioner had the options of timely requesting an extension and filing a public records request.  Instead, however, Petitioner permitted the filing deadline to expire and only requested an extension of time to file the PCR petition almost four

months after the petition was due and approximately one month after his matter was dismissed. Plaintiff's own failure to timely file his petition does not constitute extraordinary circumstances that would toll the limitations period. *See Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) (stating that equitable tolling is only available "when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of the [petition's] untimeliness" (emphasis in original) (internal quotations omitted)).

Likewise, Petitioner cannot establish that his limited English proficiency merits equitable tolling. "To establish extraordinary circumstances based on lack of English proficiency, a habeas petitioner must allege specific, particularized facts showing that he was unable to procure legal materials in his own language or obtain translation assistance during the relevant time period." *Arcineiga-Rangel v. Ryan*, 2016 WL 2957798, at *3 (D. Ariz. May 23, 2016). Because Petitioner has not made such a showing, this claim also fails and equitable tolling is not available. Accordingly, the Court agrees with Magistrate Judge Fine and finds that the limitations period for Petitioner to file his habeas petition expired on July 6, 2014.

**C. Actual Innocence**

Petitioner has also not established a claim of actual innocence that would be an equitable exception to AEDPA's statute of limitations. Petitioner asserts that he should be permitted to present evidence that had not previously been presented; this includes evidence that had not been previously "pointed out from the police report" and evidence that he did not have prior connections to his co-defendant. (Doc. 26 at 3).

In very limited circumstances, an actual innocence claim allows courts to consider otherwise untimely habeas corpus petitions. *Stewart v. Cate*, 757 F.3d 929, 937-38 (9th Cir. 2014). The Supreme Court has held that, in order for a petitioner to successfully claim an actual innocence exception, he must be able to show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schulp v. Delo*, 513 U.S. 298, 327 (1995). The evidence must be reliable and must not have been

presented at trial. *Id.* at 324. Reliable evidence includes exculpatory scientific evidence, trustworthy eyewitness accounts, and critical physical evidence. *Id.* This is an "exacting standard" that "permits review only in the extraordinary case." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (internal quotations omitted).

Here, Petitioner fails to present new, reliable evidence in support of his actual innocence claim. He states that he intends to present new evidence from the police report that was not previously presented. As noted by Magistrate Judge Fine, this includes evidence regarding inconsistent testimony. It also includes evidence of his co-defendant's "connections to the others involved in the crime, but not to Lopez as they claimed." (Doc. 26 at 3). The Court agrees with the Magistrate Judge that this proposed new evidence does not satisfy the high threshold required to establish actual innocence. Rather, the "new evidence," at best, attacks the sufficiency of the evidence supporting Petitioner's conviction; it does not present new, exculpatory evidence sufficient to establish factual innocence. *See Witkin v. Yates*, 2013 WL 394719, at *9 (E.D. Cal. Jan. 30, 2013) (rejecting actual innocence claim when "Petitioner's arguments center on the legal sufficiency of the evidence supporting his conviction, rather than his factual innocence based upon new evidence"). Accordingly, the Court agrees with Magistrate Judge Fine that Petitioner has not produced reliable evidence that shows that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schulp*, 513 U.S. at 327.

**D. Motion for Leave of the Court to Request Discovery Pursuant to Rule 6**

As a final matter, Petitioner also filed a Motion for Leave of the Court to Request Discovery Pursuant to Rule 6 (Doc. 17). Magistrate Judge Fine recommended that this Motion be denied because Petitioner fails to present "specific allegations that provide the Court with reason to believe that [the requested] documents would demonstrate that Petitioner's claims should pass through the *Schlup* [actual innocence] gateway." (Doc. 25 at 14). The Court agrees. *See Bracy v. Gramley*, 520 U.S. 899, 904, 908-09 (1997) (noting that habeas petitioners are not entitled to broad discovery and recognizing that a petitioner may secure discovery only for good cause based upon specific allegations); *see also*

*Calderon v. U.S. Dist. Court for the N. Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation").

**IV. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Fine's R&R (Doc. 25) is **accepted** and **adopted**. Petitioner's Objections (Doc. 26) are overruled.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave of Court to Request Discovery Pursuant to Rule 6 (Doc. 17) is **denied**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 30th day of November, 2020.

Honorable Diane J. Humetewa
United States District Judge